# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAZEL INVESTMENTS, LLC,**

        **Plaintiff,**

-vs-                                                  Case No. 6:09-cv-1410-Orl-31GJK

**INTERNATIONAL CATASTROPHE INSURANCE MANAGERS, LLC; AXA CORPORATE SOLUTIONS EXCESS AND SURPLUS LINES INSURANCE COMPANY; XL SPECIALTY INSURANCE COMPANY; BOULDER CLAIMS, LLC,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 7) filed by Defendants International Catastrophe Managers, LLC ("ICAT"), AXA Corporate Solutions Excess and Surplus Lines Insurance Company ("AXA"), and Boulder Claims, LLC ("Boulder"), as well as the response (Doc. 27) filed by the Plaintiff, Mazel Investments, LLC ("Mazel").

AXA agreed to insure a hotel in Kissimmee, Florida. ICAT, as managing general agent for AXA, wrote the insurance policy and provided policy administration services. XL Specialty Insurance Company ("XL") asserts that it agreed to assume AXA's obligations under the policy at issue in this suit. Boulder is in the business of adjusting insurance claims.

The hotel was damaged by Hurricane Charley in August, 2004. Mazel subsequently bought the hotel and was assigned the insurance claim. At some point, Boulder was brought in to

handle that claim in place of the original claims adjuster retained by the insurer. Mazel claims that it was not paid all that it was owed pursuant to the policy.

Mazel filed this diversity suit in August 2009, asserting claims for breach of contract (Count I) and for breach of the implied covenant of good faith and fair dealing (Count II). Both claims were asserted against all Defendants.

ICAT and Boulder seek dismissal of the claims against them on the grounds that they were not parties to the insurance contract. Mazel argues that both ICAT and Boulder, despite not being parties to the contract, are proper parties to this suit because they may have been acting on behalf of an undisclosed principal. However, the complaint is utterly void of any factual allegations that would support this theory. In addition to its lack of factual support, the "undisclosed principal" theory makes no sense on the facts of this case. It is true that an entity that enters into a contract as agent for an undisclosed principal will be held liable on the contract. *See*, *e.g.*, *El Jordan v. Solymar, S. De R.L.*, 315 F.Supp.2d 1355, 1363-64 (S.D.Fla. 2004). However, the problem that Mazel is attempting to solve is the fact that neither of these entities entered into the contract in the first place. The claims against both of these parties will be dismissed with prejudice.

AXA contends that it is not a proper party to this suit, because its obligations with respect to this policy were acquired by Defendant XL. AXA also contends that Mazel admits this in the Complaint. However, Mazel makes no such admission. Instead, Mazel asserts that XL is named as a defendant "to the extent that it acquired AXA's business written by ICAT and as such acquired AXA's and ICAT's obligations with respect to the insurance policy providing coverage for the property that is the subject of this action." (Doc. 1 at 3). At best, rather than admitting AXA is not a proper defendant, Mazel has pleaded that either AXA or XL is the proper defendant.

At worst (from AXA's perspective), Mazel has pleaded that *both* AXA and XL are defendants here. The Court need not decide which interpretation is correct, as either is sufficient to insure that AXA remains a party to this dispute.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**. The claims against Defendants International Catastrophe Managers, LLC and Boulder Claims, LLC are **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 3, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party