**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAZEL INVESTMENTS, LLC,**

        **Plaintiff,**

-vs-                              Case No. 6:09-cv-1410-Orl-31GJK

**AXA CORPORATE SOLUTIONS EXCESS**
**AND SURPLUS LINES INSURANCE**
**COMPANY; XL SPECIALTY**
**INSURANCE COMPANY,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Strike Alleged Affirmative Defenses of Defendant XL Specialty Insurance Company (Doc. 32) filed by the Plaintiff, Mazel Investments, LLC ("Mazel"), and the response (Doc. 38) filed by XL Specialty Insurance Company ("XL").

In its first affirmative defense, XL contends that Mazel has refused its request to, *inter alia*, submit to an examination or provide a sworn statement of proof of loss, as required under the policy. Mazel contends that XL made no such request prior to the filing of the instant suit, and therefore the policy language XL points to is inapplicable. But Mazel's argument fails for two reasons. First, it relies on facts not set forth in XL's pleading, and is therefore inappropriate for disposition at this point. Second, XL contends that Mazel has asserted a second, higher claim after filing this suit, and therefore it was not possible for XL to make such a pre-filing request, at least in regard to that claim.

Mazel asserts that, in its second affirmative defense, XL is accusing it of committing fraud, and the affirmative defense has not been pled with the particularity required by Rule 9(b) of the Federal Rule of Civil Procedure. It is true that the policy provision upon which XL relies in its second affirmative defense is titled "Concealment, Misrepresentation and Fraud." But the allegations in that defense do not sound in fraud. Instead, XL contends that the policy is void "due to Plaintiff's intentional *concealment* of material facts including, but not limited to, the Plaintiff's estimate of loss." Rule 9(b) is not applicable to this defense.

Finally, XL asserts that the instant suit is premature because the policy provides that disputes over the amount of loss are to be resolved via an appraisal process, which has not yet been attempted. Mazel offers two arguments: first, that an insurer's right to exercise an appraisal clause is not an affirmative defense to any of the counts it has asserted, and second, that XL has failed to make a written request for such an appraisal, as required by the policy. As to the first argument, Mazel offers no explanation or citation to authority. Such a perfunctory statement is not enough to convince the Court that this appraisal clause cannot, as a matter of law, provide an affirmative defense to an insurer. As to the second argument, even assuming the relevant clause requires a

written request from XL, Mazel's contention relies on facts outside the pleadings and not admitted by the Defendant. As such, the argument is at best premature.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Strike Alleged Affirmative Defenses of Defendant XL Specialty Insurance Company (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 17, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party