# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAZEL INVESTMENTS, LLC,

                        Plaintiff,

-vs-                                              Case No.  6:09-cv-1410-Orl-31GJK

XL SPECIALTY INSURANCE COMPANY
and AXA CORPORATE SOLUTIONS
EXCESS AND SURPLUS LINES
INSURANCE COMPANY,
                        Defendants.

_____

# ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 43) filed by Defendant XL Specialty Insurance Company ("XL"), the response (Doc. 69) filed by the Plaintiff, Mazel Investments, LLC ("Mazel"), and the reply (Doc. 75) filed by XL.[1]

**Background**

Except where noted, the following information is undisputed.  Mazel owns a hotel that was damaged by Hurricane Ivan in 2004.  In August 2004, Mazel made a claim to its insurer, XL.  A public adjuster estimated the loss at approximately $720,000.  An adjuster retained by XL estimated the loss at approximately $450,000.  XL paid the smaller amount.

---

[1] XL and Mazel are successors in interest to the original insurer and property owner, respectively.  For simplicity's sake, this opinion will refer to XL and Mazel as though they were the original parties to this dispute.

In August 2009, Mazel filed the instant suit claiming, among other things, that XL had failed to pay "the full amount of the covered losses," thereby breaching the insurance policy. (Doc. 1 at 7).   Mazel also claimed that XL's original adjuster had agreed with the $720,000 figure, before being fired and replaced by the adjuster who estimated the loss at $450,000.  (Doc. 1 at 5, 8).

Some months before it filed the instant suit, Mazel informed XL that it had obtained a new, $1.9 million estimate of the damage caused by Hurricane Ivan.  XL made several requests to obtain a copy, both before and after this suit was filed, but Mazel refused to turn it over outside of the normal avenues of pretrial discovery.  XL also requested that Mazel submit to an examination under oath and submit a signed proof of loss in connection with the $1.9 million estimate, but Mazel declined to do so.

XL now seeks summary judgment on two bases.  First, XL argues that Mazel has breached the policy by concealing material facts from it – specifically, the $1.9 million estimate.  Second, XL argues that Mazel has breached the insurance policy by refusing to undergo the examination and submit a proof of loss, and the policy requires compliance with these provisions as a prerequisite to this suit.

**Summary Judgment**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.    Analysis**

Article XIV of the insurance policy, titled "Concealment, Misrepresentation and Fraud," contains the following language:

> This entire Policy shall be void if, whether before or after a loss, You have concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or Your interest therein, or in case of any fraud or false swearing by you relating thereto.

(Doc. 43 at 5).  XL argues that it is entitled to judgment because Mazel has voided the policy by refusing to turn over the $1.9 million estimate.  This argument fails for at least two reasons.  First, there is a genuine issue of material fact as to whether Mazel can be said to have "concealed" the estimate from its insurer.  It was Mazel, after all, who revealed the existence of the estimate to XL, and Mazel asserts that it will turn the estimate over during discovery in this case.  Second, XL has not made a convincing argument that an expert's damage estimate is a "material fact or circumstance concerning this insurance or the subject thereof,"  as required for it to fall within the boundaries of Article XIV.  XL would likely be the first to assert that it is not a fact – material or otherwise – that Mazel's property suffered $1.9 million in storm damage.  As such, "concealing" the $1.9 million estimate could not be a violation of Article XIV.

XL also argues that Mazel's effort to show that it suffered $1.9 million in damages is an attempt to assert a new or supplemental claim.  XL contends that such a new or supplemental claim is subject to various policy requirements, such as an obligation that Mazel file a signed and sworn proof of loss and submit to examination under oath.  (Mazel admits that, despite XL's demands, it has not filed a proof of loss or submitted to an examination.)  The policy provides that "[n]o suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law" unless the insured is in full compliance with all of the policy terms.  Because Mazel has not filed the proof of claim or submitted to an examination, XL contends that it is entitled to summary judgment.

XL's argument fails for several reasons.  First, the pertinent language provides that a lack of compliance renders the suit unsustainable; it does not void the policy or bar any recovery on the claim.  Accordingly, prevailing on this point would only entitle XL to dismissal of the instant suit

without prejudice, rather than the entry of summary judgment in its favor.  Second, there is a genuine issue of material fact as to whether Mazel is asserting a new or supplemental claim or simply continuing to pursue its original claim.  The only evidence presented by XL on this score is the fact that Mazel has a $1.9 million damage estimate, whereas the public adjuster originally estimated the damages at $720,000.  XL has not shown that the claim filed in 2004 was limited to a particular dollar amount or a specifically enumerated list of damages, such that the $1.9 million must relate to a new or supplemental claim.  Moreover, even if the claim as filed in 2004 had been so restricted, XL has not shown that Mazel is prohibited from pursuing its claim for the difference between the public adjuster's $720,000 estimate and the $450,000 paid by XL.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 43) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 16, 2010.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party