# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAZEL INVESTMENTS, LLC,

        **Plaintiff,**

-vs-                               **Case No.  6:09-cv-1410-Orl-31GJK**

**XL SPECIALTY INSURANCE COMPANY
and AXA CORPORATE SOLUTIONS
EXCESS AND SURPLUS LINES
INSURANCE COMPANY,**
                            **Defendants.**

## ORDER

This matter is before the Court on Defendants' Renewed Motion to Compel Appraisal (Doc. 87) and Plaintiff's response in opposition thereto (Doc. 96).

Defendants' Motion is predicated on a provision in the insurance policy that requires the pursuit of a binding appraisal process at the request of either party.  The Plaintiff contends that the Defendants have waived their right to demand this form of alternate dispute resolution.

Mazel filed this suit on August 11, 2009, alleging breach of the insurance policy by reason of Defendants' failure to pay in full the property loss occasioned by Hurricane Charley in August 2004.  Five months later, Defendant XL Specialty Insurance Company ("XL") filed the first motion to compel appraisal (Doc. 8), which was denied without prejudice on January 19, 2010. Thereafter, XL raised the appraisal issue by way of affirmative defense in its answers (Doc. Nos. 25 at 6-7 and 39 at 7), but did not renew its motion to compel appraisal until the filing of the instant motion on December 17, 2010.  During the eleven-month interval between the denial of the

original motion and the filing of this one, there have been 79 docket entries – evidence of the

protracted and contentious litigation between the parties.

Appraisal provisions in an insurance policy are a form of alternate dispute resolution.  *See*,

*e.g.*, *Nationwide Property & Cas. Ins. v. Bobinski*, 776 So. 2d 1047, 1049 (Fla. 5th DCA 2001).

Just as with an arbitration provision, the right to an appraisal may be waived by a party that

maintains a position inconsistent with the appraisal remedy.  *See Gray Mart, Inc. v. Fireman's*

*Fund Ins. Co.*, 703 So. 2d 1170, 1172 (Fla. 3d DCA 1997).  Here, there can be no doubt that the

Defendants have waived their right to demand that the litigation they have rigorously pursued be

stopped at the eleventh hour to proceed with an alternate resolution procedure.  Accordingly, it is

**ORDERED** that  Defendants' Renewed Motion to Compel Appraisal (Doc. 87) is

**DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 31, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-2-